UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 16-190 (WMW/HB)

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DEVON DELORENTA WARREN, )<br>)<br>Defendant. ) | PLEA AGREEMENT AND<br>SENTENCING STIPULATIONS |

The United States of America and the defendant, DEVON DELORENTA WARREN, agree to resolve this case on the following terms and conditions. This plea agreement binds only the defendant and the United States Attorney's Office for the District of Minnesota. It does not bind any other United States Attorney's Office or any other federal or state agency.

1. **Charges.** The defendant agrees to plead guilty to Count 1 of a criminal information which charges him with possession of a stolen firearm in violation of Title 18, United States Code, Sections 922(j) and 924(a)(2). In return, the government agrees to move the Court to dismiss the pending indictment at the time of sentencing.

2. **Factual Basis.** The defendant agrees to the following facts and further agrees that, were this matter to go to trial, the United States would prove the following facts beyond a reasonable doubt: In the early morning of May 1, 2016, the police received a report of a man who was unconscious in the front seat of a car at the intersection of 18th and Emerson Avenues in North Minneapolis. The police responded to the scene and saw the defendant sitting in the driver's seat of a Buick LeSabre. He was non-responsive to

SCANNED
FEB 2 2 2017
U.S. DISTRICT COURT ST. PAUL

officers at the scene. After the police attempted to wake the defendant, he drove a few blocks before stopping. This time, the defendant complied with police requests to get out of the car. He was intoxicated and later found to have a 0.11 blood-alcohol level. The police found a loaded a Colt, model 1903, .32 caliber pistol, serial number 168069, on the driver's seat of the car. The police later determined that the handgun was manufactured outside the State of Minnesota and that it met the definition of a firearm under federal law. Further, the defendant acknowledges that the firearm was stolen. The defendant stipulates and agrees that he knowingly possessed the firearm, that he acted voluntarily, that he had reasonable cause to believe the firearm was stolen, and that he knew his actions violated the law.

3. **Waiver of Pretrial Motions.** The defendant understands and agrees that he has certain rights to file pretrial motions in this case. As part of this plea agreement, and based upon the concessions of the United States contained herein, the defendant knowingly, willingly and voluntarily agrees to withdraw his pending motions, to give up the right to further litigate those pretrial motions, and to give up the right to file any additional pretrial motions in this case.

4. **Statutory Penalties.** Count 1 of the information carries the following statutory penalties:

    a. a maximum of ten years in prison;

    b. a supervised release term of up to three years;

    c. a fine of up to $250,000; and

    d. a mandatory special assessment of $100.

5. **Revocation of Supervised Release**. The defendant understands that if he were to violate any condition of supervised release, he could be sentenced to an additional term of imprisonment up to the length of the original supervised release term, subject to the statutory maximums set forth in 18 U.S.C. § 3583.

6. **Guideline Calculations**. The parties acknowledge the defendant will be sentenced in accordance with 18 U.S.C. §§ 3551, *et seq.* Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing. The parties also acknowledge the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence and stipulate to the following guideline calculations:

   a. Base Offense Level. The government believes that the defendant has a base offense level of 24 because the defendant committed the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense. USSG § 2K2.1(a)(2). The defendant reserves the right to argue that he has a base offense level of 14. USSG § 2K2.1(a)(6).

   b. Specific Offense Characteristics. The parties agree that the base offense level should be increased by two levels because the firearm was stolen. USSG § 2K2.1(b)(4)(A). The parties agree that no other specific offense characteristics apply in this case.

   c. Acceptance of Responsibility and Other Chapter Three Adjustments. The government reserves the right to argue that the defendant should receive a two-level enhancement for reckless endangerment during flight. USSG § 3C1.2. The defendant intends to contest this enhancement. The parties agree that if the defendant (1) provides full, complete and truthful disclosures to the United States Probation and Pretrial Service Office, including providing complete, accurate and truthful financial information; (2) testifies truthfully during the change of plea and sentencing hearings; (3) complies with this agreement; and (4) undertakes no act inconsistent with acceptance of responsibility

3

before the time of sentencing, the government agrees to recommend that the defendant receive a two-level reduction for acceptance of responsibility under USSG § 3E1.1(a), and to move for an additional one-level reduction under § 3E1.1(b). Whether there will be a reduction for acceptance of responsibility shall be determined by the Court in its discretion. The parties agree that no other Chapter Three adjustments apply in this case.

d. <u>Criminal History Category</u>. Based on the information currently available to the parties, the defendant appears to have a criminal history category of VI. The defendant's actual criminal history category will be determined by the Court based on the information presented in the presentence investigation and by the parties at the time of sentencing.

e. <u>Guideline Range (Government Position)</u>. If the defendant has a total offense level of 25 (base offense level of 24, increased by two levels for possessing a stolen firearm, increased by two levels for reckless endangerment during flight, and decreased by three levels for acceptance of responsibility) and a criminal history category of VI, this would result in a guideline range of 110 to 137 months in prison. Because of the applicable 10-year statutory maximum sentence, however, the restricted guideline range would be 110 to 120 months in prison.

f. <u>Guideline Range (Defense Position)</u>. If the defendant has a total offense level of 13 (base offense level of 14, increased by two levels for possessing a stolen firearm, and decreased by three levels for acceptance of responsibility) and a criminal history category of VI, this would result in a guideline range of 33 to 41 months in prison.

g. <u>Fine Range</u>. If the total offense level is 25, the fine range would be $20,000 to $200,000. If the total offense level is 13, the fine range would be $5,500 to $55,000. USSG § 5E1.2.

h. <u>Supervised Release</u>. The Sentencing Guidelines call for a term of supervised release of at least one year but not more than three years. USSG § 5D1.2(a)(2).

i. <u>Sentencing Recommendations</u>. The parties reserve the right to make departure motions, to oppose any such motions made by the other party, and to argue for a sentence outside the applicable guideline range.

7. **Discretion of the Court**. The foregoing stipulations bind the parties but not the Court. The parties understand the Sentencing Guidelines are advisory and their application is a matter falling solely within the Court's discretion. The Court may make its own determination regarding the applicable guideline factors and the applicable criminal history category. The Court may also depart from the applicable Guidelines. If the Court determines the applicable guideline calculations or the defendant's criminal history category are different from that stated above, the parties may not withdraw from this agreement, and the defendant will be sentenced pursuant to the Court's determinations.

8. **Special Assessments**. The Guidelines require payment of a special assessment in the amount of $100. USSG § 5E1.3. The defendant agrees to pay the special assessment at the time of sentencing.

9. **Waiver of Appeal**. The parties are expressly aware that Title 18, United States Code, Section 3742, affords them the right to appeal the sentence imposed in this case. Acknowledging this right, the parties hereby waive all rights conferred by Title 18, United States Code, Section 3742, to appeal the sentence on any ground except the defendant may appeal the sentence if the term of imprisonment imposed is greater than 110 months, and the government may appeal the sentence if the term of imprisonment imposed is less than 33 months.

10. **Forfeitures**. The defendant agrees to forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), all of the defendant's right, title and interest in the property described in the Forfeiture Allegation of the information.

11. **Waiver of Freedom of Information Act and Privacy Act**.  The defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.

12. **Complete Agreement**.  This, along with any agreement signed by the parties before entry of plea, is the entire agreement and understanding between the United States and the defendant.  There are no other agreements, promises, representations, or understandings.

Dated: 2/21/2017

ANDREW M. LUGER
United States Attorney

BY: THOMAS M. HOLLENHORST
Assistant United States Attorney
Attorney ID No. 46322

Dated: 2/21/2017

DEVON DELORENTA WARREN
Defendant

Dated: 2/21/17

KEALA C. EDE, ESQ.
Attorney for Defendant